Upon review of all of the competent evidence of record with reference to the errors assigned, the Full Commission finds that the appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES the Opinion and Award by the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. The Travelers Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $773.18, yielding the maximum compensation rate of $442.00.
5. Plaintiff received $1,673.39 in sickness and accident benefits under a compensation plan totally funded by defendant-employer and for which defendant-employer is entitled to a credit.
6. Plaintiff's medical records were stipulated into evidence.
* * * * * * * * * * * *
Based upon all of the competent evidence of record, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 33 years old. He is a high school graduate who has completed two years of college.
2. Plaintiff began working for defendant-employer on July 18, 1983, as an apprentice maintenance worker, repairing various types of machines. He worked third shift.
3. On December 16, 1993, plaintiff left his work station to get parts from the storage room. He walked through the opening between two work benches. The aisle, which should have been cleared, was obstructed with carts about six inches high and three to four feet long. The act of negotiating through the carts caused plaintiff to step in an unusual manner which caused his right knee to twist and pop resulting in injury to his right knee. The condition of the aisle needed for ingress and egress oftentimes being obstructed by carts was known by Kelly Springfield to have existed for quite some time.
4. Plaintiff continued working, but when the knee began to swell several hours later, he sought treatment from the plant nurse. He also was treated by the company physician, Dr. Henry Izurieta, who referred him to Dr. James Askins, an orthopedic surgeon, on March 22, 1994.
5. As a result of this injury, plaintiff sustained torn cartilage in his right knee, for which surgery was performed on April 21, 1994.
6. As a result of this injury, plaintiff was incapable of earning wages with defendant-employer or in any other employment from April 16, 1994 to May 30, 1994, at which time he returned to full-time employment with defendant-employer.
7. As a result of the incident on December 16, 1993, plaintiff sustained a 15% permanent functional impairment to his right leg.
* * * * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On December 16, 1993, plaintiff sustained an injury by accident to his right knee arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to 30 weeks of compensation benefits pursuant to N.C. Gen. Stat. 97-31(15) plus all the temporary total disability resulting from the injury to his knee for the period April 16, 1994 through May 30, 1994, all of which has accrued.
3. Plaintiff's knee injury was proximately caused by defendants' willful violation and failure to comply with a statutory and regulatory duty to keep aisles free of obstructions, thus entitling plaintiff to have his total compensation increased by 10%. N.C. Gen. Stat. § 97-12.
4. Defendant-employer is entitled to a credit for $1,673.39 for sickness and accident benefits paid less 33 1/3% to be paid to plaintiff's legal counsel for collection of the same for Kelly Springfield. N.C. Gen. Stat. § 97-42.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay to plaintiff on account of his compensable temporary total disability, compensation at the rate of $442.00 per week during the period from April 16, 1994 to May 30, 1994.
2. Defendants shall pay to plaintiff on account of his permanent partial disability to his knee 30 weeks of permanent partial disability compensation, all of which has accrued.
3. Defendant-employer shall receive a credit for sickness and accident benefits paid in the sum of $1,673.39 less 33 1/3% attorney fee to be paid to the law firm of Lore McClearen for collecting reimbursement of the same from the worker's compensation carrier.
4. Considering the degree of difficulty of the case and the difficulty in retaining legal counsel in a case on appeal when plaintiff appeared pro se at the hearing before a deputy commissioner, a reasonable attorneys fee in the amount of 33 1/3% of the compensation due and owing under this award is hereby approved for plaintiff's counsel, the law firm of Lore 
McClearen. Said attorneys fee shall be deducted from the award and forwarded directly to plaintiff's counsel.
5. To the extent that the same is reasonably designed and tended to effect a cure of, or provide needed relief from, or lessen the period of disability, defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injury by accident giving rise to this claim when the bills for the same are submitted to the defendants and paid through procedures adopted by the Commission.
6. Compensation due and owing shall be increased by 10% pursuant to the terms of N.C. Gen. Stat. § 97-12.
7. Defendants shall pay the costs due this Commission.
 S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________ THOMAS J. BOLCH COMMISSIONER